"Th[e] definition of reasonable doubt was the exact inverse of what it should have been. . . . Instead of requiring the government to prove guilt, it called upon petitioners to establish doubt in the jurors' minds. That is an inescapable violation of *In re Winship* . . . ." 570 F. 2d, at 24 (footnote and citations omitted).

Though reviewing a state conviction on collateral review, the *Dunn* panel concluded that the defect in the trial court's instruction was of sufficient magnitude to warrant a retrial. *Id.*, at 25.

The First Circuit's analysis of the reasonable-doubt instructions in *Dunn* directly conflicts with rulings of the South Carolina Supreme Court applied in this case as well as recent decisions of several other State Supreme Courts.[3] Since this conflict is the culmination of chronic disagreement over the correct definition of reasonable doubt,[4] I find this petition an appropriate candidate for review. See this Court's Rule 17.1(b).

I would grant the petition.

No. 83–5833. WEBER *v.* STONY BROOK HOSPITAL ET AL. Ct. App. N. Y. Motion of petitioner to expedite consideration of the

---

son to hesitate before making an important personal decision, the First Circuit made clear in its decision that the constitutionally defective portion of the *Dunn* instruction was the equation of a reasonable doubt to a substantial and articulable doubt. *Id.*, at 24–25. In these two respects, the *Dunn* instruction and the instruction given at petitioner's trial are identical. As the instruction in petitioner's case equated reasonable doubt with "a strong and well-founded doubt," the trial court in *Dunn* defined reasonable doubt to be "a strong and abiding conviction.". Where petitioner's instruction likened a reasonable doubt to "a doubt for which you can give a reason," the *Dunn* instruction referred to a reasonable doubt as a "doubt as for the existence of which a reasonable person can give or suggest a good and sufficient reason."

[3] See, *e. g.*, *State* v. *Derrico*, 181 Conn. 151, 169–171 434 A. 2d 356, 367–368 (1980); *Stirparo* v. *State*, 287 A. 2d 394 (Del. 1972); *State* v. *Osbey*, 213 Kan. 564, 571–573, 517 P. 2d 141, 148 (1973); *State* v. *Davis*, 482 S. W. 2d 486, 489 (Mo. 1972).

[4] Throughout this century, both federal and state courts have criticized reasonable-doubt instructions similar to the South Carolina charge given in this case. See, *e. g.*, *Taylor* v. *Kentucky*, 436 U. S. 478, 488 (1978); *Pettine* v. *Territory of New Mexico*, 201 F. 489, 495–497 (CA8 1912); *Laird* v. *State*, 251 Ark. 1074, 476 S. W. 2d 811, 813 (1972); *State* v. *Davis*, *supra*, at 490 (Seiler, J., concurring); *Frazier* v. *State*, 117 Tenn. 430, 459–467, 100 S. W. 94, 102–103 (1907); *Owens* v. *Commonwealth*, 186 Va. 689, 704–706, 43 S. E. 2d 895, 902 (1947); *State* v. *McDonald*, 89 Wash. 2d 256, 273–274, 571 P. 2d 930, 940 (1977).

petition for writ of certiorari granted.  Certiorari denied.  ▪

No. 83–5902 (A–450).  WILLIAMS v. KING, SECRETARY, LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.  C. A. 5th Cir. Application for stay of execution of sentence of death, addressed to JUSTICE BRENNAN and referred to the Court, denied.  JUSTICE BRENNAN and JUSTICE MARSHALL would grant the application for stay.  Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

No. 82–2116.  DALGETY FOODS, INC. v. AVINA, *ante*, p. 801; No. 83–5026.  JACKSON v. BUTTERWORTH, SHERIFF OF BROWARD COUNTY, FLORIDA, *ante*, p. 916; No. 83–5104.  TORPY v. UNITED STATES, *ante*, p. 856; No. 83–5369.  DONNELL v. FREEMAN ET AL., *ante*, p. 941; No. 83–5375.  CHAPMAN v. BANK OF THE COMMONWEALTH ET AL., *ante*, p. 923; and No. 83–5481.  CASTRO v. FEDERAL DEPOSIT ISURANCE CORPORATION, RECEIVER FOR BANCO CREDITO Y AHORRO PONCENO, ET AL., *ante*, p. 964.  Petitions for rehearing denied.

DECEMBER 13, 1983

No. A–455.  STEPHENS v. KEMP, SUPERINTENDENT, GEORGIA DIAGNOSTIC AND CLASSIFICATION CENTER.  Application for stay